ALFRED H. BAUMANN, PLAINTIFF-RESPONDENT, v. THE MUNICIPAL COUNCIL OF THE BOROUGH OF WEST PATERSON, HENRY F. CARTER, DAVID MARCH, JAMES BELFORD, DONALD CARLON, PAUL LEESTMA AND THOMAS MAY, COUNCILMEN OF THE BOROUGH OF WEST PATERSON, AND THOMAS V. VOGEL, STANLEY GALORENZO AND JAMES EGAN, RESPONDENTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 23, 1967—Decided January 23, 1967.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

*Mr. George J. Kenny* argued the cause for appellants (*Messrs. Pindar, McElroy, Connell & Foley,* attorneys).

*Mr. J. Mortimer Rubenstein* argued the cause for respondent (*Messrs. Rubenstein & Albert,* attorneys).

The opinion of the court was delivered by

GOLDMANN, S. J. A. D. This appeal was scheduled on an emergency basis. At the conclusion of the oral argument we announced that there would be an affirmance and a formal opinion would follow.

Defendants appeal from the Law Division's grant of plaintiff's motion for summary judgment and its denial of defendants' counter-motion for summary judgment, deciding that the appointment of Thomas B. Vogel as borough attorney, Stanley Galorenzo as borough engineer, and James Egan as borough assessor by the West Paterson Municipal Council was *ultra vires* and therefore null and void.

Prior to January 1, 1967 West Paterson was a borough existing under the general borough laws of New Jersey. On June 28, 1966 West Paterson held a referendum for a change in government in accordance with the provisions of *N. J. S. A.* 40:69A-1 *et seq.,* the Optional Municipal Charter Law, commonly known as the Faulkner Act. On that date the

electorate voted in favor of a new form of government known as Small Municipality Plan C under that act, *N. J. S. A.* 40:69A–139 to 143. Thereafter, at the general election held in West Paterson on November 8, 1966 plaintiff Baumann was elected as the first mayor under the new form of government, and defendants Carter, March, Belford, Carlon, Leestma and May were elected councilmen. They and the mayor constitute the municipal council of West Paterson.

The effective date of the new form of government was January 1, 1967. *N. J. S. A.* 40:69A–207 provides that at noon of the effective date of an optional plan adopted under the Faulkner Act all existing municipal offices shall be abolished and the terms of all elected and appointed officers immediately cease and determine, provided that nothing in that section be construed to abolish certain designated offices (the attorney, engineer and assessor are not mentioned), and Civil Service tenure rights are preserved. The final paragraph of *section* 207 reads:

"Provision for officers and for the organization and administration of the municipal government under the optional plan may be made by resolution pending the adoption of ordinances, but any such resolution shall expire not later than 30 days after the effective date of the optional plan."

January 1 being a Sunday, the organization meeting was held on January 2. After the mayor and councilmen had taken their respective oaths of office, the organization meeting was duly convened. At that meeting there was introduced and passed by a vote of 6–1, the mayor voting in the negative, a resolution (hereinafter resolution No. 1) which referred to *section* 207, above, and whereby the municipal council made appointments to six offices, including those of attorney, engineer and assessor here in question. The resolution expressly stated that these appointments were to remain in effect pending the adoption of ordinances providing for the positions, and that the "temporary appointments shall hold office until their successors have been duly appointed and qualified."

■ It is immediately to be noted that the governing body had the right to make provision for officers by resolution pending the adoption of ordinances, by virtue of the quoted paragraph of *section* 207, but in that event the resolution was to expire not later than 30 days after the effective date of the optional plan — here January 31. The resolution went amiss when it provided that the appointments were to remain in effect pending the adoption of the necessary ordinances and that the "temporary" appointees were to hold office until their successors were duly appointed and qualified. One can only conjecture as to when those events would happen.

Immediately after adopting the above resolution, the governing body adopted a second resolution (hereinafter No. 2), again by a vote of 6–1. It provided:

"That the mayor shall nominate and with the advice and consent of the council, appoint all officers of the Borough, excepting those offices which, by general law, are to be appointed by the mayor alone or by the council alone, those officers shall be appointed in the manner prescribed by general law. The mayor shall make such nomination within thirty days after the office becomes vacant. If the mayor fails to nominate within said thirty days, or the council fails to give their advice and consent to any nomination made by the mayor, then after the expiration of said thirty days, the council shall appoint the officer. No appointment shall be made except by the vote of a majority of the council.

All officers shall hold office until their successors have been duly appointed and qualified."

There is nothing in this resolution to indicate that it was for a specific, temporary period: it stated no termination date for any of the offices, except in the general language indicated in the closing paragraph.

Thereafter plaintiff, as mayor, submitted to the municipal council appointments to the respective offices of attorney, engineer and assessor, but the council failed to take any action. On January 5 plaintiff instituted a proceeding in lieu of prerogative writs, together with a motion supported by affidavits seeking a stay of all proceedings under the resolutions adopted by the municipal council and restraining the council appoint-

ees from acting or attempting to act under their appointments. The Law Division judge entered an order to show cause and granted a temporary restraint. Defendants unsuccessfully sought to vacate that stay, and thereafter plaintiff's motion came on for full hearing on January 13, 1967. At that time counsel agreed that the trial judge could treat the matter as though on counter-applications for summary judgment based upon the pleadings. The result was the entry of judgment in favor of plaintiff declaring (1) resolution No. 1 *ultra vires* and void, the council appointments thereunder void, and restraining the three appointees here involved from exercising their offices; and (2) declaring resolution No. 2 *ultra vires* and void, and restraining defendant councilmen from taking any action whatever under the terms of that resolution.

Had the municipal council merely adopted resolution No. 1 and declared it effective for the temporary period of 30 days, as permitted by the last paragraph of *N. J. S. A*. 40:69A–207, there could be no objection. But it did not do so.

█ Resolution No. 2 is invalid on its face. *N. J. S. A.* 40:69A–139, part of *Article* 15 of the Faulkner Act (*N. J. S. A*. 40:69A–139 to 143), relating to Small Municipality Plan C, makes *sections* 120 to 132 of the act applicable to that optional plan. *Section* 122 provides that

"An assessor, a tax collector, an attorney, a clerk, a treasurer and such other officers as may be provided by ordinance shall be appointed by the mayor with the advice and the consent of the council."

And *section* 124 states that all officers whose appointment or election is not otherwise provided for in *N. J. S. A.* 40:69A–115 to 132, or by "general law," shall be appointed by the mayor. We must apply these provisions to the three offices here involved.

As to the attorney and assessor, there can be no question that the council clearly acted *ultra vires* when it adopted resolution No. 2. As for the engineer, it is to be noted that that office is not specifically mentioned in *section* 122, quoted

above, and therefore falls within the category of "such other officers as may be provided by ordinance." There was no ordinance in existence on January 2, 1967 providing for the office of engineer. The present municipal council would have to introduce and adopt an ordinance creating that office. Such being the case, it was for the mayor on January 2, 1967 to appoint the engineer, and this under the express provision of *section* 124. We find no "general law" (mentioned in that section) which provides otherwise. "General law" is defined by *N. J. S. A.* 40:69A–28 as any law or provision of law not inconsistent with the Faulkner Act, which by its terms is applicable or available to all municipalities.

The present in lieu proceedings do not involve the powers of the mayor; they challenge only what the council had done as being *ultra vires*. Accordingly, the summary judgment declaring the resolutions invalid is affirmed.